FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

2003 DEC 19 P 2: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Comcast of Massachusetts III, Inc.("Comcast") | ) Case No.: |
| | ) |
| | ) **COMPLAINT FOR VIOLATIONS OF** |
| Plaintiff, | ) **TITLE 47 U.S.C. § 553 AND** |
| | ) **CONVERSION** |
| vs. | ) |
| | ) **03-40290-NMG** |
| Diana Nero | ) |
| | ) |
| Defendant | ) |
| | ) |

RECEIPT # 40424
AMOUNT $150.00
SUMMONS ISSUED 1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 12-19-03

## NATURE OF ACTION

1.     Plaintiff Comcast of Massachusetts III, Inc.("Comcast"), brings this Complaint to redress injuries it has suffered as a result of the Defendant, Diana Nero's (hereinafter the "Defendant")

        a.   Violations of 47 U.S.C. § 553; and

        b.   The conversion of Comcast's property, its telecommunications signals.

2.     The Defendant's use and/or distribution of one (1) statutorily prohibited electronic device(s) that descrambled and intercepted Comcast's cable television signal violated 47 U.S.C. § 553.

## PARTIES

3.     Comcast is a Delaware corporation and maintains a place of business at 6 Campanelli Drive, Andover, Essex County, Massachusetts.

4.     The Defendant was and is an individual with a principal residence at 110 Helena St., Leominster, MA, at all times relevant to the conversion and to the said violations of Title 47 U.S.C. § 553.

## JURISDICTION AND VENUE

5.   This action is brought pursuant to Title 47 U.S.C. § 553.

6.   This Court has original jurisdiction over this action under 28 U.S.C. § 1331.

Venue is proper in the United States District Court in and for the District of

Massachusetts pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7.   Comcast provides cable television services to subscribers in the Leominster area

pursuant to franchise agreements with various municipalities.

8.   Comcast is the successor-in-interest to the legal entity that held the prior cable

television franchise in this area, and, as such successor, Comcast has the right to

pursue the claims set forth herein even if said claims may have accrued during the

time that the predecessor-in-interest held the cable television franchise.

9.   In order to provide cable television services, Comcast pays fees to programmers

for the right to receive programs, mostly by way of interstate radio

communications, and transmit their programming over Comcast's system.  The

signals that Comcast transmits over its system are private communications not

intended for public use.

10.   Subscribers pay Comcast based on the level of service they wish to receive.

11.   In order to protect its signals and maintain the value of its services, Comcast

electronically encodes or scrambles some of its signals so that they must first be

decoded by electronic decoding equipment in order to be viewed clearly on a

television receiver.  The signals Comcast encodes or scrambles includes premium

channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a

Page      2

separate monthly subscription fee, and pay-per-view events, such as a specific movie, concert or sporting event, for which subscribers pay a specific one time charge to view each event. Comcast provides subscribers with electronic decoding equipment (hereinafter referred to as "decoders") to decode these signals. Comcast programs these decoders so that a subscriber may only view that level of service, which he or she has purchased.

12.     Comcast has a proprietary interest in the signals, programming and services offered over Comcast's system.

13.     On or about October 25, 1996, the Defendant received one (1) descrambling device(s).

14.     The descrambling device(s) were capable of defeating Comcast's encoding and scrambling technology.

15.     The Defendant, used the descrambling device(s) to receive, without authorization, scrambled or encoded programming and services offered over Comcast's system. By using the unauthorized and illegal descrambling device(s), Ms. Nero, was able to view Comcast 's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

16.     Through the unauthorized interception of signals the Defendant was able to exercise dominion and control of Comcast's property, the signals, programming and services offered over Comcast's system.

17.     In the alternative, or in addition to the allegations set forth above, the Defendant assisted a third party in obtaining the above referenced descrambling device(s)

with the intent, on the part of the Defendant, that said device(s) would be utilized to obtain, without authorization, the scrambled or encoded programming and services offered by Comcast.

## COUNT I
### (Violation 47 U.S.C. § 553, Unauthorized Interception and/or Receipt)

18.   Comcast realleges and incorporates by reference paragraphs 1 through 17.

19.   The Defendant's, conduct violated 47 U.S.C. § 553(a).

20.   Comcast is a person aggrieved by the Defendant's, violation of 47 U.S.C. §553 and is authorized to institute this action pursuant to 47 U.S.C. § 553(c)(1).

21.   The cable transmissions that make up Comcast 's signal are communication services offered over a cable system and, as such, are protected by 47 U.S.C. § 553.

22.   The Defendant, knowingly and willfully violated 47 U.S.C. § 553.

23.   Comcast did not authorize or consent to the Defendant's, interception and use of its cable transmissions.

24.   The Defendant's violations have injured Comcast's ability to generate revenue by depriving Comcast of payment for its programming.

## COUNT II
### (Violation 47 U.S.C. § 553, Assisting)

25.   Comcast realleges and incorporates by reference paragraphs 1 through 24.

26.   The Defendant's actions in assisting a third party to obtain the descrambling device(s) with the intent that the descrambling device(s) would be used to intercept or receive the scrambled or encoded programming and services offered by Comcast without Comcast's authorization, amounts to assisting in the unauthorized interception or receipt of said signals and, as such violated 47 U.S.C. § 553(a).

27.   Comcast is a person aggrieved by the Defendant's violation of 47 U.S.C. § 553 and is authorized to institute this action pursuant to 47 U.S.C. § 553 (c) (1).

28.   The cable transmissions that make up Comcast's signals are communications services offered over a cable system and, as such, are protected by 47 U.S.C. § 553.

29.   The Defendant, knowingly and willingly violated 47 U.S.C. § 553.

30.   Comcast did not authorize or consent to the Defendant's actions in assisting a third party to obtain the descrambling device(s) with the intent that said party would utilize the device(s) to intercept or receive the scrambled or encoded programming offered by Comcast without the authorization for said interception or receipt.

31.   The Defendant's violations have injured Comcast's ability to generate revenue by depriving Comcast of payment for its programming.

## COUNT III

### (Conversion)

32.   Comcast realleges and incorporates by reference paragraphs 1 through 31.

33.   The Defendant exercised dominion and control over the Plaintiff's property without authorization or legal right to do so.

34. The Defendant's conduct was willful, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its programming.

35. As a direct and proximate result of the Defendant's intentional, malicious, and wrongful conversion of the Plaintiff's signals, programming and services offered over Comcast's system the Plaintiff has suffered monetary damages; accordingly, the Defendant is liable for all of the Plaintiff's damages.

## COUNT IV

### (Conversion - In Concert With Others)

36. Comcast realleges and incorporates by reference paragraphs 1 through 35.

37. The Defendant, through the sale and/or distribution of the descrambling device(s), acted in concert with the individuals who received descrambling device(s) to exercise dominion and control over the Plaintiff's property, without authorization or legal right to do so.

38. The Defendant's conduct was willful, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its programming.

39. As a direct and proximate result of the Defendant's intentional, malicious, and wrongful conversion of the Plaintiff's cable television services, the Plaintiff has suffered monetary damages through the loss of income from all of the individuals who, along with the Defendant, are receiving said unauthorized services; accordingly, the Defendant is liable for all of the Plaintiff's damages.

WHEREFORE, Comcast prays for judgment against the Defendant, and requests that the Court grant it the following relief:

1. Statutory damages of $10,000.00 for each violation of 47 U.S.C. § 553(a),

2. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversion;

Page     6

3.  Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversion in concert with others;

4.  Comcast's attorney's fees and costs in prosecuting this lawsuit as provided for by 47 U.S.C. 553(c)(2)(C);

5.  The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553 utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further use and/or distribution of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47."

6.  Post-judgment interest pursuant to 26 U.S.C. § 1961; and

7.  Such other and further relief as this Court may deem just and proper.

Respectfully Submitted for the Plaintiff,
Comcast of Massachusetts III, Inc.
By Its Attorney,

_____
John M. McLaughlin
**MCLAUGHLIN SACKS**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328

_____
Date

Page    7

03-40290

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Comcast of Massachusetts III, Inc. v. Diana Nero

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    __     I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    XX     II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

    __     III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                         380, 385, 450, 891.

    __     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                         690, 810, 861-865, 870, 871, 875, 900.

    __     V.     150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    None

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                           YES ☐  NO ☒

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                           YES ☐ NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                           YES ☐ NO ☒

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                           YES ☐ NO ☒

7.  DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                           YES ☒ NO ☐

         1.     IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
                EASTERN DIVISION     ☒           CENTRAL DIVISION ☐          WESTERN DIVISION  ☐

         2.     IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

                EASTERN DIVISION     ☐           CENTRAL DIVISION ☐          WESTERN DIVISION  ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____ John M. McLaughlin

ADDRESS _____ MCLAUGHLIN SACKS, LLC, 31 Trumbull Rd., Northampton, MA  01060

TELEPHONE NO. _____ (413) 586-0865

03-40290

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1. (a) PLAINTIFFS
Comcast of Massachusetts III, Inc.

## DEFENDANTS
Diana Nero

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Worcester___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Worcester___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
1 U.S. Government Plaintiff
**X** 3 Federal Question (U.S. Government Not a Party)
2 U.S. Government Defendant
4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | | | Foreign Nation | | 5 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STAT'DIES |
|---|---|---|---|---|
| 10 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 10 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |

(Nature of suit boxes as printed; "X" marked at **890 Other Statutory Actions**)

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
**X** 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
Reinstated or Reopened
Transferred from another district (specify)
Multidistrict Litigation
Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P 23
DEMAND $ $10,000.00
CHECK YES only if demanded in Complaint
JURY DEMAND: YES **X** NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE_____ DOCKET NUMBER_____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT #___ AMOUNT___ APPLYING IFP___ JUDGE___ MAG. JUDGE___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

| | |
|---|---|
| Comcast of Massachusetts III, Inc. | ) Case No.:    2003 DEC 19 P 2: 25 |
| | ) |
| Plaintiff | ) CORPORATION DISCLOSURE |
| | ) STATEMENT |
| vs. | ) |
| | ) 03 - 40290 |
| Diana Nero | ) |
| | ) |
| Defendant | ) |
| | ) |

**Pursuant to LR, D. Mass 7.3,** the filing party, Comcast of Massachusetts I, Inc.

(hereinafter "Comcast"), a non-governmental corporation, identifies the following parent

corporation and any publicly held corporation that owns 10% or more of its stock:

1. Comcast of Massachusetts I, Inc., is a Massachusetts Corporation and maintains offices at

    6 Campanelli Drive Andover, MA;

2. MediaOne of Massachusetts, Inc. is wholly owned by Comcast of Delaware, Inc.

Respectfully Submitted for the Plaintiff,
Comcast of Massachusetts I, Inc.
By Its Local Counsel,

_____
Date

John M. McLaughlin
**MCLAUGHLIN SACKS**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328

Page    1